UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>REYMUNDO SAUCEDA,<br><br>　　　　　Defendant. | 4:16-CR-40083-01-KES<br><br>ORDER DENYING MOTION TO DISMISS INDICTMENT |

Defendant, Reymundo Sauceda, moves *pro se* to dismiss the indictment in this matter under Federal Rule of Criminal Procedure 48(b) because he has been deprived of his right to a speedy trial.[1] Docket 171. Plaintiff, the United States, opposes the motion. Docket 175. For the reasons stated below, the court denies Sauceda's motion to dismiss the indictment.

## BACKGROUND

On July 26, 2016, Sauceda was arrested on a complaint, which alleged that Sauceda was part of a conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(l), 846. *See* Docket 1. Sauceda entered an initial appearance on the complaint on July 27, 2016. Docket 7. On August 9, 2016, an indictment was filed charging Sauceda and co-defendant Martin Rios with conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(l), 846. Docket 15. Sauceda entered his initial appearance on the

---

[1] Although Sauceda's *pro se* motion to dismiss only addresses his speedy trial rights under the Sixth Amendment, the court will review his motion to dismiss for alleged speedy trial violations under both the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161.

indictment on August 15, 2016, and Rios entered his initial appearance on the indictment on August 18, 2016. Dockets 21 and 25. The court issued a scheduling and case management order as to Sauceda and Rios on August 19, 2016. Docket 29.

Since the issuance of the August 19, 2016 scheduling and case management order, Sauceda and his attorneys have filed eleven continuance motions.[2] *See* Dockets 42, 51, 62, 72, 77, 79, 96, 161, 168, 170, 181. As reflected in these continuance motions—as well as in the court's orders granting the majority of the continuance motions—the reason for the requested continuances was that Sauceda's attorneys needed additional time to prepare for trial in order to effectively represent Sauceda.[3]

On July 6, 2016, a superseding indictment was filed, which added Ramiro Reyna, Jr., as a co-defendant. Docket 84. Co-defendant Reyna has moved for two continuances following his entry into the case. Dockets 141 and 174; *see also* Dockets 147 and 179 (orders granting continuances). Sauceda entered his initial appearance on the superseding indictment on July 31, 2017. Docket 102.

---

[2] As the docket reflects, Sauceda has had four attorneys between July 27, 2016, and the present. Sauceda's first two attorneys represented him from July 27, 2016, to October 13, 2016, and both had to withdraw because of conflicts. From October 17, 2016, until October 5, 2017, Sauceda was represented by attorney David Palmer. On October 5, 2017, attorney James Eirinberg was appointed to represent Sauceda. Attorney Eirinberg continues to represent Sauceda.

[3] The court's orders granting the various continuance requests in this case can be found at Dockets 43, 52, 66, 74, 78, 80, 97, 147, 169, 179, 183. The request for a continuance made on December 11, 2017, on Sauceda's behalf was denied by the court. *See* Docket 162.

On August 29, 2017, Sauceda filed three motions to suppress evidence. Dockets 105, 107, and 109. On September 12, 2017, United States Magistrate Judge Veronica Duffy held an evidentiary hearing on Sauceda's motions to suppress. Docket 121. Magistrate Judge Duffy filed a report and recommendation denying Sauceda's motions to suppress on September 27, 2017. Docket 139. And on October 16, 2017, this court entered an order adopting the report and recommendation in full following Sauceda's failure to object to the report and recommendation. Docket 155.

## DISCUSSION

Sauceda filed his *pro se* motion to dismiss the indictment for alleged speedy trial right violations on January 5, 2018. Docket 171. On January 18, 2018, the court held a hearing on Sauceda's motion to dismiss.[4] At this hearing, the court went over the history of this case and heard argument from the parties regarding the motion to dismiss.[5] Docket 178. After considering the arguments presented, the court orally indicated that it would deny Sauceda's motion to dismiss. *Id.* On January 23, 2018—less than one month after Sauceda filed his motion to dismiss—Sauceda and his counsel filed an eleventh continuance motion. Docket 181; *see also* Docket 182 (waiver of speedy trial

---

[4] The court's January 18, 2018 hearing also addressed continuance motions filed by attorney Eirinberg and by co-defendant Reyna. *See* Docket 178. Following this hearing, the court entered a written order granting the continuance motions over Sauceda's objections. Docket 179.

[5] When given an opportunity to argue at the hearing, Sauceda declined to address his motion. In fact, Sauceda only attempted to argue on behalf of his motion dismiss after the court orally indicated that it would deny the motion. *See* Docket 178. The court's ruling here, however, takes into account Sauceda's written arguments as well as the oral arguments he made at the hearing.

3

acknowledgment signed by Sauceda). The court granted this continuance on January 25, 2018. *See* Docket 183.

### I. Speedy Trial Act

"Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of his indictment or first appearance, whichever is later." *United States v. Mallett*, 751 F.3d 907, 910-11 (8th Cir. 2014) (quotation omitted); *see also* 18 U.S.C. § 3161(c)(1). When conducting a defendant's speedy trial calculation, certain days are excluded from the calculation. 18 U.S.C. § 3161(h); *United States v. Aldaco*, 477 F.3d 1008, 1016 (8th Cir. 2007). "After these days are excluded, if the total number of non-excludable days exceeds seventy, then the district court must dismiss the indictment upon the defendant's motion." *Aldaco*, 477 F.3d at 1016-17 (citations omitted). "The defendant has the burden of proof to support the motion, with the exception of the exclusion of time under 18 U.S.C. § 3161(h)(3) concerning the unavailability of the defendant or an essential witness." *Id.* at 1017 (citing 18 U.S.C. § 3162(a)(2)).

Here, a review of Sauceda's speedy trial clock shows that 70 days are remaining. The reason Sauceda's speedy trial clock remains at 70 days is because following Sauceda's August 15, 2016 initial appearance on the indictment, excludables have been running either to await the initial appearance of a co-defendant or because continuances were requested by Sauceda. As indicated above, Sauceda and his attorneys have filed eleven motions to continue following the issuance of the court's August 19, 2016 scheduling and case management order. *See* Dockets 42, 51, 62, 72, 77, 79,

4

96, 161, 168, 170, 181. And each of the court's orders granting these continuances indicated that "[t]he period of delay resulting from such continuance is excluded in computing the time within which the trial of the offense must commence." *See, e.g.,* Dockets 43, 80, 179 (citing 18 U.S.C. § 3161(h)(7)(A)). Thus, because Sauceda has primarily been the party requesting continuances, and because Sauceda makes no showing of how his statutory speedy trial rights were violated, the court concludes that Sauceda has not met his burden to show that more than seventy non-excludable days have run.[6] *See Aldaco*, 477 F.3d at 1017 (citing 18 U.S.C. § 3162(a)(2)).

## II. Sixth Amendment Right to a Speedy Trial

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. "The Sixth Amendment right 'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.' " *Aldaco*, 477 F.3d at 1019 (quoting *United States v. Perez-Perez*, 337 F.3d 990, 995 (8th Cir. 2003)). In the Eighth Circuit, "Sixth Amendment challenges are reviewed separately from the Speedy Trial Act." *Id.* at 1018. "But . . . '[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not.' " *Id.* at 1018-19 (quoting *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003)). " 'To trigger speedy trial analysis, the defendant must

---

[6] Even for the two continuance motions not made by Sauceda (Dockets 141 and 174) the court's orders granting those continuances indicated that "[t]he period of delay resulting from such continuance is excluded in computing the time within which the trial of the offense must commence." Docket 147 and 179 (citing 18 U.S.C. § 3161(h)(7)(A); 18 U.S.C. § 3161(h)(6)).

5

allege the interval between accusation and trial has crossed a line 'dividing ordinary from "presumptively prejudicial" delay.' " *Id.* at 1019 (quoting *Doggett v. United States*, 505 U.S. 647, 651-52 (1992)).

When analyzing whether a defendant's pretrial delay violates the Sixth Amendment, courts utilize a four-factor balancing test that looks at: (1) the delay's length; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered any prejudice. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Aldaco*, 477 F.3d at 1019 (applying the *Barker* test). For purposes of analyzing Sauceda's motion to dismiss, the court assumes that the 20 month delay between Sauceda's July 26, 2016 arrest and his scheduled trial date of April 10, 2018, is presumptively prejudicial. *See Mallett*, 751 F.3d at 913-14 (assuming that a 17-month delay between a defendant's indictment and trial was presumptively prejudicial); *see also United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir. 2008) ("A delay approaching one year may meet the threshold for presumptively prejudicial delay requiring application of the *Barker* factors." (citation omitted)). Thus, because the delay between Sauceda's arrest and the scheduled trial date is presumptively prejudicial, the court will consider the other factors in the *Barker* analysis. *See Barker*, 407 U.S. at 530 (discussing length of delay as the triggering factor to consideration of the other factors).

Under the second *Barker* factor, the reason for the delay, courts assign different weights to different reasons. *Id.* at 531. In applying *Barker*, the Supreme Court has "asked, 'whether the government or the criminal defendant

is more to blame of th[e] delay.' " *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (first alteration added) (quoting *Doggett*, 505 U.S. at 651). Where the delay is primarily attributable to the defendant, the Supreme Court has indicated that the delay can weigh against the defendant under the waiver doctrine. *See id.* (citing *Barker*, 407 U.S. at 529).

As a review of the docket makes clear, 11 of the 13 continuance motions in this case were filed by counsel for Sauceda. *See* Dockets 42, 51, 62, 72, 77, 79, 96, 161, 168, 170, 181. And the reasons underlying most of these continuance motions were that Sauceda's counsel requested additional time in order to adequately prepare for trial. *See, e.g.*, Docket 42 (counsel requested more time to prepare for Sauceda's trial because counsel was in the middle of a three-week murder trial); Docket 77 (counsel requested a continuance due to the receipt of additional discovery that included (1) a lengthy video recorded witness interview and (2) approximately 332 pages of witness emails and 1,200 recorded witness telephone calls many of which contained English and Spanish statements); Docket 170 (counsel requested a continuance to ensure that Sauceda received "his Sixth Amendment right to the effective assistance of counsel and his Fifth Amendment right to due process of law"). Thus, because the delays here were primarily caused by defendant and his counsel, the court concludes that the second factor weighs against Sauceda. *Cf. Brillon*, 556 U.S. at 90-91 ("Because 'the attorney is the [defendant's] agent when acting, or failing to act, in furtherance of the litigation,' delay caused by the defendant's counsel is also charged against the defendant." (quoting *Coleman v. Thompson*,

7

501 U.S. 722, 753 (1991)). That Sauceda filed his most recent continuance motion, *see* Docket 181, less than one month after he filed his motion to dismiss only further supports the court's decision to attribute the delay in this matter to Sauceda.

The third *Barker* factor asks whether the defendant asserted his right to a speedy trial. As was argued at the January 18, 2018 motion hearing, Sauceda contends that—although he did not file the present motion to dismiss the indictment until January 5, 2018—he first asserted his right to a speedy trial on February 28, 2017, when he filed his first motion to terminate Attorney Palmer as his appointed counsel. Sauceda also contends that he reasserted his right to a speedy trial in a September 29, 2017 motion requesting new counsel.[7]

As a review of Sauceda's *ex parte* motions for new counsel makes clear, however, Sauceda's primary complaints were that his court-appointed attorney did not file the pretrial motions that Sauceda felt were necessary.[8] Thus, assuming that Sauceda actually asserted his right to a speedy trial on February 28, 2017, and September 29, 2017, the fact that Sauceda was seeking new counsel so that the new counsel would file additional pretrial motions makes the third *Barker* factor weigh against Sauceda. *See Aldaco*, 477

---

[7] As noted above, *supra* at 3, Sauceda's attorney filed three motions to suppress on Sauceda's behalf on August 29, 2017.

[8] Sauceda's September 29, 2017 motion not only criticizes his attorney's performance at the September 12, 2017, suppression hearing but also reiterates that his attorney failed to file other pretrial motions that Sauceda believed were important to his defense.

8

F.3d at 1019 (indicating that the third *Barker* factor weighed against the defendant where—at the same time defendant was invoking his speedy trial rights—the defendant also "was filing motions that required evidentiary hearings . . . and his attorneys were filing motions seeking extensions of time to file motions and prepare for trial").

The fourth factor, prejudice, "should be assessed in the light of the interests of the defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Supreme Court has identified three such interests: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the possibility that the defense will be impaired. *Id.* In weighing these interests, the court notes that the first two interests arguably weigh in Sauceda's favor as Sauceda has been incarcerated for almost 18 months without having his trial and the length of the incarceration has caused him anxiety. As to the final interest, which is the most serious of the interests, *see id.*, the court concludes that Sauceda has failed to demonstrate that his defense has been severely impaired. While Sauceda's motion to dismiss makes vague reference to the fact that a potential witness passed away during the delay, *see* Docket 171 at 4, Sauceda does not discuss what impact the unavailability of that witness would have on his defense.[9] Moreover, that Sauceda filed his most recent motion to continue

---

[9] Sauceda also argues that some witnesses may have forgotten about key events due to the time that has elapsed since his arrest and his trial date. Docket 171 at 4. But because the delays here are primarily attributable to Sauceda, the court declines to give that argument any weight as it is equally as

9

(Docket 181) so that his attorney would have additional time to investigate the matter and file another motion to suppress indicates that the delay in this case has been for the purpose of strengthening his defense. Thus, because Sauceda has not shown how his defense has been impaired by the delay, the court concludes that the fourth *Barker* factor weighs against Sauceda. *See Aldaco*, 477 F.3d at 1019 (concluding that the final *Barker* factor weighed against the defendant where the defendant made no "showing of how his defense was impaired by the lengthy delay").

## CONCLUSION

The court finds that Sauceda has failed to demonstrate a violation of his statutory right to a speedy trial under the Speedy Trial Act. The court also finds that Sauceda has failed to demonstrate that his Sixth Amendment right to a speedy trial has been violated given that it was his actions and the actions of his attorneys that caused the majority of the delay between his arrest and his scheduled trial date. Thus, it is

ORDERED that Sauceda's motion to dismiss the indictment for the violation of his speedy trial rights (Docket 171) is denied.

DATED January 25, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

likely that the delay will have affected the memories of the United States's witnesses too.